Matter of Bhargava (2021 NY Slip Op 04330)





Matter of Bhargava


2021 NY Slip Op 04330


Decided on July 9, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., NEMOYER, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ. (Filed July 9, 2021.)


&em;

[*1]MATTER OF AMBAR BHARGAVA, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 24, 1999, and he maintains an office in Williamsville. In October 2020, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct, including violating various disciplinary rules pertaining to his attorney trust account and failing to cooperate in the investigation of the Grievance Committee. In lieu of respondent filing an answer to the petition, the parties have filed with this Court a joint motion for an order of discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct, and the parties request that the Court enter a final order imposing the sanction of public censure.
With respect to charge one, respondent conditionally admits that, in early 2014, he entered into an arrangement with a business acquaintance who agreed to refer real estate clients to respondent in exchange for the acquaintance's use of respondent's attorney trust account to conduct business as a paid escrow agent for commercial financing and loan transactions involving parties who were unknown to respondent. Respondent conditionally admits that, from 2014 through 2016, he allowed the acquaintance to cause 11 deposits, in amounts ranging from $5,000 to $225,000, to be made into respondent's attorney trust account, after which the acquaintance gave respondent instructions for disbursement of the funds. Respondent admits that, prior to disbursement of the funds, however, he paid escrow fees to himself and the acquaintance related to the 11 deposits, which resulted in respondent receiving a total amount of $5,370 for such fees during the relevant two-year period. Respondent admits that he failed to make and keep required records for the trust account transactions initiated by the acquaintance, and he failed to notify the parties to the escrow transactions when the funds were received or disbursed. Respondent further admits that the funds in question were deposited into his trust account at a time when the account contained funds belonging to clients of respondent's law practice.
With respect to charge two, respondent conditionally admits that, from August through November 2019, he failed to respond in a timely manner to requests from the Grievance Committee for records and documents pertaining to the transactions in his attorney trust account during the time period relevant to charge one.
The joint motion of the parties is governed by 22 NYCRR 1240.8 (a) (5), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may jointly request that the Court enter a final order of discipline on consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). Upon the filing of such a motion, all proceedings are stayed pending determination of the motion by the Court. If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (a)—commingling personal funds with funds belonging to another person;
rule 1.15 (b) (1)—failing to maintain funds belonging to another person in a segregated account separate from any accounts maintained in his capacity as executor, receiver, or any other fiduciary capacity;
rule 1.15 (c) (1)—failing to notify promptly a client or third person of the receipt of funds in which the client or third person has an interest;
rule 1.15 (c) (3)—failing to maintain complete records of all funds and other properties of [*2]a client or third person coming into his possession and failing to render appropriate accounts to the client or third person regarding the funds;
rule 1.15 (d) (1)—failing to maintain required bookkeeping and other records concerning transactions involving his attorney trust account;
rule 1.15 (e)—making attorney trust account withdrawals in a manner other than by check, without obtaining prior written approval of the party entitled to the proceeds; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
In imposing the sanction requested in the joint motion, we have considered certain mitigating factors submitted by the parties, including that respondent has no history of public discipline and that his misconduct in this case did not involve dishonest conduct or misappropriation of funds. Accordingly, we conclude that respondent should be censured.